**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Dexter Brown, #330278 | ) | Case No. 2:19-cv-1613-RMG |
| | ) | |
| Petitioner, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Warden Kenneth Nelsen, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 28) recommending that this Court dismiss Petitioner's case with prejudice. For the reasons set forth below, the Court declines to adopt the R. & R. as the order of the Court and dismisses the petition without prejudice.

### I. Background and Relevant Facts

Petitioner Dexter Brown, a state prisoner, is proceeding *pro se*. Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on June 5, 2019. (Dkt. No. 1). At that time, Petitioner was confined at Lieber Correctional Institution ("Lieber"). On June 6, 2019, an Order was entered and was mailed to Petitioner, directing Petitioner to "always keep the Clerk of the Court advised in writing . . . if your address changes for any reason." (Dkt. No. 3). Respondent moved for Summary Judgment on July 31, 2019. (Dkt. Nos. 11 &12). Petitioner was sent a *Roseboro* order on August 1, 2019, indicating that Petitioner had until September 3, 2019 to respond to Respondent's Summary Judgement Motion. (Dkt. No. 13).

September 3, 2019 came and went without any response from Petitioner. Subsequently, the Magistrate Judge learned Petitioner had been transferred to Lee Correctional Institution

-1-

("Lee") in July 2019. Petitioner never alerted the Court of his change of address. The Magistrate Judge sent another *Roseboro* order to Petitioner at Lee on September 11, 2019, setting September 30, 2019 as Petitioner's deadline to respond to the Warden's Motion for Summary Judgment. (Dkt. No. 15). The Magistrate Judge also learned that, in July 2019, Respondent had sent Petitioner a copy of the Motion for Summary Judgement (Dkt. Nos. 11 & 12) at Lee.[1] (Dkt. No. 12).

After receiving the second mailed *Roseboro* Order at Lee, Petitioner sent the Court nothing. On October 7, 2019, the Magistrate Judge extended Petitioner's time to respond to October 21, 2019 and warned Petitioner that, if Petitioner did not respond to the Respondent's Motion, his case may be dismissed with prejudice. (Dkt. No. 17). When Petitioner did not respond by October 21, 2019, the Magistrate Judge issued a R. & R. recommending dismissal for Petitioner's case for failure to prosecute. (Dkt. No. 19).

However, the Magistrate Judge learned that both the October 7, 2019 Order and the October 29, 2019 R. & R. were sent to Lieber, not Lee. Subsequently, on November 20, 2019, the October 29, 2019 R. &. R. was withdrawn, and Petitioner was sent an order extending his response deadline to December 13, 2019. (Dkt. Nos. 21 & 24). The Magistrate Judge warned Petitioner that failure to respond may result in his case being dismissed with prejudice per Fed. R. Civ. P. 41.

On January 6, 2020, the Magistrate Judge issued an R. & R. recommending dismissal of Petitioner's petition with prejudice and giving Petitioner until January 21, 2020 to file objections. The R. & R. was sent to Petitioner's address at Lee. To date, Petitioner has not responded nor has Petitioner filed anything with this Court since his initial petition.

---

[1] In sum, Petitioner received the Respondent's Motion for Summary Judgment, but not the Magistrate Judge's initial *Roseboro* Order. Petitioner was mailed the second *Roseboro* Order at his updated address.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

The Magistrate Judge explained in the January 6, 2020 R. & R. that Petitioner's Complaint is subject to dismissal with prejudice because Petitioner met all the criteria for dismissal under *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). To merit dismissal for failure to

prosecute, the Court considers: "(1) the degree of personal responsibility of the petitioner, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." *Id.* at 920; Fed. R. Civ. P. 41(b) ("If the petitioner fails to prosecute . . . a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.") Because dismissal with prejudice is a "harsh sanction which should not be invoked lightly," "a district court retains the authority to dismissal without prejudice under Rule 41(b)." *Rosales v. Catawba Cty. Schools*, No. 5:15-CV-149, 2017 WL 210242, at *2 (W.D.N.C. 2017). The Fourth Circuit has noted that "the four factors discussed in *Chandler* are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Here, despite receiving a *Roseboro* Order, (Dkt. No. 15) (amended *Roseboro* Order sent to updated address on September 11, 2019), Petitioner has failed to respond to Respondent's Motion for Summary Judgement or contact the Court in any manner. Petitioner is proceeding *pro se* and thus personally responsible. *Rosales*, 2017 WL 210242, at *2. There does not appear to be a sanction less sever than dismissal, as "[a]ny other course would . . . place the credibility of the court in doubt and invite[] abuse." *Ballard*, 882 F.2d at 97. However, even assuming some amount of prejudice to Respondent, the Petitioner's behavior does not evidence a "drawn out history of deliberately proceeding in a dilatory fashion." *Chandler*, 669 F.2d at 920; *Ballard*, 882 F.2d at 94-96 (finding dismissal with prejudice warranted where plaintiff, a *year* after filing his suit, still had not made "particularized allegations at the individual defendants sufficient to allow them to mount a defense"). Because the Court lacks information that Plaintiff is deliberately proceeding in a

dilatory fashion, Petitioner's case will be dismissed without prejudice. *Rosales*, 2017 WL 210242, at *3 (dismissal without prejudice is the appropriate remedy where the court lacks evidence of a history of non-participation). If Petitioner were to refile and proceed in a similar manner, however, the third factor from *Chandler* might weight differently and in favor of a dismissal with prejudice.

## IV. Conclusion

For the reasons set forth above, this Court declines to adopt the R. & R. (Dkt. No. 28) as the order of the Court. Petitioner's petition is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 31, 2020
Charleston, South Carolina